IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 MAY 31  A 9: 37

| | |
|---|---|
| Oscar Baptiste, ) | Criminal No. 2:11-2015-RMG |
| Petitioner, ) | |
| v. ) | ORDER |
| United States of America, ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's motion to amend his motion to vacate under 28 U.S.C. § 2255 and Petitioner's motion to appoint counsel. For the reasons set forth below, the Court denies both motions.

I.   **Background**

Petitioner filed a motion to vacate sentence, pursuant to 18 U.S.C. § 2255, on February 5, 2016. (Dkt. No. 197.) On March 11, 2016, Respondent moved to dismiss the motion to vacate, arguing that it is untimely filed. (Dkt. No. 199.) On May 26, 2016, the Court granted Respondent's motion to dismiss. On May 27, 2016, the Court received four documents from Petitioner, which were mailed on May 24, 2016: a motion to amend the motion to vacate (Dkt. No. 216), a motion to appoint counsel for the motion to vacate (Dkt. No. 217), a response to the Court's order of April 1, 2016 (Dkt. No. 218), and an affidavit supporting that response (Dkt. No. 219).

II.  **Discussion**

The motion to amend was filed before the Court granted the motion to dismiss, and so is made moot by the order dismissing the motion to vacate. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that filing occurs when prisoner delivers documents to prison authorities for forwarding to district court). However, *pro se* filings are liberally construed, *see Smith v. Smith*,

-1-

589 F.3d 736, 738 (4th Cir. 2009), and Petitioner's motion to amend addresses the timeliness issue that was the basis of the Court's dismissal of the motion to vacate. Therefore, the Court construes the motion to amend as a motion to reconsider the order dismissing Petitioner's motion to vacate. In reconsidering the order dismissing the motion to vacate, the Court also considers Petitioner's response to the order of April 1, 2016 and supporting affidavit, even though those were filed over three weeks after the April 30, 2016 deadline. (*See* Dkt. No. 207.)

Petitioner asserts that he thought his motion to vacate was timely filed because a "fellow inmate" identified only as Petitioner's "jail house lawyer" assured him that the motion was timely filed. (Dkt. No. 219 ¶¶ 1–4.) According to Petitioner, the "jail house lawyer" researched, prepared, and submitted the original motion to vacate "on his own accord." (*Id.* ¶ 2.) Petitioner "entrusted in the JHL [jail house lawyer] every-word that he submitted or filed in the § 2255 pleading, in question, when he said he filed it, and in what fashion or style he allegedly filed it in." (*Id.* ¶ 3.) The "jail house lawyer" provided Petitioner only with a copy of the original filing. (*Id.* ¶ 4.) Indeed, the original filing does not bear Petitioner's manual signature. (Dkt. No. 197 at 8.) The "jail house lawyer" is no longer incarcerated at FCI Fort Dix and Petitioner currently has no means of contact with him. (Dkt. No. 219 ¶ 5.) Petitioner therefore argues that his neglect of the filing deadline is excusable. (Dkt. No. 216 at 4–5.) He also argues that the limitations period should be equitably tolled because the actions of his "jail house lawyer" constituted an "extraordinary circumstance" that was "beyond his control." (*Id.* at 6.)

The Court assumes (without finding) that Petitioner's assertions are true. Nonetheless, the fact that a fellow inmate told Petitioner that he filed a motion on Petitioner's behalf cannot possibly excuse missing a one-year deadline by over seven months. The Court cannot accept Petitioner's tacit argument that "ineffective assistance" from a fellow inmate can excuse a procedural default.

Nor does Petitioner explain why he could not have timely filed his motion to vacate simply by mailing it himself. The decision to entrust a fellow inmate with the motion to vacate was Petitioner's own decision, not an "extraordinary circumstance" beyond Petitioner's control.

Further, Petitioner effectively concedes that the verified statement alleging that Petitioner placed three copies of the motion to vacate in a postage-paid envelope, then placed that envelope in FCI Fort Dix's outgoing mail, and then later resubmitted the motion as an attachment to a handwritten follow-up note addressed to the Clerk of Court—a statement which caused this Court to order discovery from FCI Fort Dix officials and from Yahoo offices in California—is a false statement by a person acting on Petitioner's behalf at Petitioner's request, whom Petitioner refuses to identify. (*Compare* Dkt. No. 219 ¶¶ 2–4½ *with* Dkt. No. 202 at 2 (affirming "I, Oscar Baptiste, do hereby affirm, declare and state, under penalty of perjury, and pursuant to 28 U.S.C. 1746, that the foregoing is true and correct to the best of my knowledge, belief and recollection") That false statement bears a manual signature reading "Oscar Baptiste" but the signature is preceded by a handwritten "/s/" and the handwriting is not remotely similar to Petitioner's signature on his motion to amend and accompanying documents. (*See* Dkt. No. 202.) It does not appear to have been signed by Petitioner and Petitioner apparently asserts that he never even read it. (*See* Dkt. No. 219 ¶ 4½.) The fact that Petitioner had an unidentified fellow inmate file false sworn statements on his behalf in no way makes Petitioner neglect of filing deadlines "excusable" or enforcement of a statutory limitations period a "gross injustice." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (holding that when considering whether neglect is excusable, courts consider, *inter alia*, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith"); *United States v. Sosa*, 364

F.3d 507, 512 (4th Cir. 2004) (observing that "equitable tolling is available only in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result" (internal quotation marks omitted)).

Petitioner also moves for the appointment of counsel for his motion to vacate. Appointment of counsel pursuant to 28 U.S.C. § 1915 is within the discretion of the district court. *See Bowman v. White*, 388 F.2d 756 (4th Cir. 1968). Because the Court finds no merit to Petitioner's contention that his failure to timely file his motion to vacate should be excused, the Court exercises its discretion to refuse to appoint counsel.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's motion to amend his motion to vacate (Dkt. No. 216) and **DENIES** Petitioner's motion to appoint counsel (Dkt. No. 217).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 3/, 2016
Charleston, South Carolina