IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Oscar Baptiste, | ) | Criminal No. 2:11-2015-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **AMENDED ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Respondent's motion to dismiss Petitioner's motion to vacate under 28 U.S.C. § 2255 as untimely. For the reasons set forth below, the Court grants the motion to dismiss and dismisses the petition.

## I.    <u>Background</u>

Petitioner was indicted for importation of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 2, 952, and 960(b)(2)(B)(ii). (Dkt. No. 69.) After a trial, Petitioner was found guilty on October 23, 2012. (Dkt. No. 124.) Petitioner was sentenced on March 15, 2013 to a term of imprisonment of 108 months. (Dkt. Nos. 146, 149.)

Petitioner timely appealed. On April 16, 2014, the Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Baptiste*, 566 Fed. App'x 246 (4th Cir. 2014). On November 10, 2014, Petitioner moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c). (Dkt. No. 183.) The Court granted the motion on December 8, 2014, reducing Petitioner's sentence to 87 months. (Dkt. No. 193.)

Petitioner filed a motion to vacate sentence, pursuant to 18 U.S.C. § 2255, on February 5, 2016. (Dkt. No. 197.) Petitioner argues that his counsel was ineffective for failing to challenge perceived deficiencies in the indictment and for failing to challenge the advisory guideline range

-1-

determined by the Court at sentencing.  On March 11, 2016, Respondent moved to dismiss the motion to vacate, arguing that it is untimely filed.  (Dkt. No. 199.)  Petitioner responded with a verified response indicating that he placed the motion in an envelope "with sufficient postage" on June 29, 2015 in "the box designated for out-going mail" at the facility where he is incarcerated, FCI Fort Dix.  (Dkt. No. 202.)  He further stated, "on or about January 31, 2016, having heard nothing from the Court, the undersigned was encouraged to write the Court in an effort to ascertain the status of the motion."  Petitioner stated that he "handwrote a letter to the clerk of the Court, and attached a copy of the motion that had been forwarded to the Court on June 29, 2015." (*Id.*)

In an order dated April 1, 2016, the Court noted that Petitioner's account of the filing of his motion to vacate differs from the Court's records.  The Clerk of Court in Columbia, South Carolina, received Petitioner's motion by facsimile transmission from an email address, legaldocs65@yahoo.com.  The facsimile was timestamped February 1, 2016, 02:33 GMT (*i.e.*, Sunday, January 31, 2016, 9:33 p.m. EST).  The motion was discovered in the facsimile machine by the Clerk's staff in Columbia on or about February 4, 2016 and was sent by email to the Clerk's office in Charleston, where this case was pending.  (Dkt. No. 203.)  The motion was then filed by the Clerk in Charleston on February 5, 2016.  (Dkt. No. 197.)  No handwritten note with an attached motion was received from Petitioner by the Clerk's office on or about January 31, 2016, or at any other time.

Because the issue of when the Petitioner transmitted his motion to vacate to the Court is material in this matter, the Court directed Petitioner to file a response setting forth his knowledge of any facsimile transmission that was sent to the Court and of the identity of the person using the email account legaldocs65@yahoo.com, and to provide a copy of any documents relevant to the date on which the motion to vacate was submitted, including a copy of the alleged handwritten

note sent to the Clerk's office on or about January 31, 2016. (Dkt. No. 204.) The Court also issued

orders to Yahoo, Inc. and to the Warden of FCI Fort Dix seeking information relevant to the date

of filing of the motion to vacate. (Dkt. Nos. 205, 207.) Petitioner responded on April 28, 2016 by

refiling a verbatim copy of his March 17, 2016 opposition to Respondents motion to dismiss. (Dkt.

No. 211.) FCI Fort Dix and Yahoo responded on April 28, 2016, and May 17, 2016, respectively.

(Dkt. Nos. 210, 212.)

## II.    **Legal Standard**

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28

U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Unless an exception applies, a defendant must file an application for relief under § 2255 within

one year of his conviction becoming final. Where a defendant does not seek review by the

Supreme Court, his conviction becomes final when the time expires for filing a petition for

certiorari contesting the appellate court's affirmation of the conviction. *United States v. Sosa*, 364

F.3d 507, 509 (4th Cir. 2004).

## III.    **Analysis**

The Court finds that the motion to vacate is untimely. The Fourth Circuit issued its opinion

affirming Petitioner's conviction and sentence on April 16, 2014. Petitioner's conviction and

sentence therefore became final on July 15, 2014. The motion to vacate was filed no earlier than January 31, 2016, over seven months past the deadline for filing.

Petitioner does not assert that any statutory exception to the limitations period applies; nor does Petitioner assert that the limitations period should be equitably tolled. Instead, Petitioner asserts that he did in fact timely file his motion to vacate because he placed three copies of the motion, within an envelope bearing sufficient postage, into the possession of prison authorities for forwarding to the Court on June 29, 2015. (Dkt. No. 211 at 1); *see Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that filing occurs when prisoner delivers documents to prison authorities for forwarding to district court). Petitioner further asserts that he sent a second copy to the Clerk, with a handwritten cover note, on January 31, 2016. (Dkt. No. 211 at 1.) The Court, however, finds that Petitioner's assertions are not credible, that Petitioner's motion to vacate was filed on January 31, 2016 by an undisclosed party acting on Petitioner's behalf, and that the motion was backdated in an attempt to appear timely filed.

The motion to vacate received by the Court is a facsimile sent from a Yahoo email address. (Dkt. No. 197 at page header.) That is highly unusual; typically, filings from prisoners are by mail with an attached envelope with postmarks setting forth the date of mailing; all of Petitioner's other communications with the Court followed that routine practice. (See Dkt. Nos. 183-4, 194-1, 202-1.) Further, the motion was machine timestamped with a date and time corresponding to Sunday, January 31, 2016, 9:33 p.m. EST. Petitioner asserts that he sent a copy of the motion to vacate on January 31, 2016, but Petitioner has no access to facsimile or Yahoo email. (Dkt. No. 210 at 1–2.) So he could not have sent the motion to vacate received by the Clerk.

Instead, a party acting for Petitioner must have transmitted the motion to the Clerk. The motion was sent from legaldocs65@yahoo.com; the listed owner of legaldocs65@yahoo.com is

-4-

Amalia Llano. (Dkt. No. 212-1 at 2.) The telephone number and internet protocol addresses associated with the account appear to place the user in the Philadelphia area (about forty miles from Fort Dix). (*Id.* at 2–4.) Petitioner's only email access is through the Trust Fund Limited Inmate Computer System (TRULINCS). Inmates can send or receive messages only from individuals listed on their approved TRULINCS contact list. Fed. Bureau Prisons, TRULINCS Topics, https://www.bop.gov/inmates/trulincs.jsp. Legaldocs65@yahoo.com is listed as a TRULINCS contact for Petitioner, with the name "Legal Asst" and with incomplete address information. (Dkt. No. 210 at 14.) The names "legal asst" and "legaldocs65" indicate that the owner of "legaldocs65@yahoo.com" performs legal services, as do the facts that a legal brief was transmitted to the Court from that email address and that a "docket update" regarding this case was transmitted to Petitioner from that email address. (Dkt. No. 210 at 16.) Legaldocs65@yahoo.com is also a TRULINCS contact for approximately eighty to ninety other prisoners at FCI Fort Dix.[1] (*See* Dkt. No. 210 at 14 (listing legaldocs65@yahoo.com as a contact for eleven inmates on just one page of an eight-page report).) The Court therefore finds that someone, likely located in the Philadelphia area, who regularly performs anonymous legal services for FCI Fort Dix inmates filed the motion to vacate on behalf of Petitioner on January 31, 2016.

The above establishes how the motion to vacate sent on January 31, 2016 was transmitted to the Court—and that it was not transmitted as described by Petitioner. (*See* Dkt. No. 202 (Petitioner asserting that on January 31, 2016, he "handwrote a letter to the clerk of the Court, and attached a copy of the motion" to that letter).) Regarding Petitioner's assertion that he placed the motion to vacate in outgoing mail on June 29, 2015, FCI Fort Dix policy is to log all outgoing

---

[1] The Court is surprised that FCI Fort Dix has not seen fit to obtain a real name and address from a person in contact with eighty to ninety inmates.

prisoner mail. (Dkt. No. 210 at 1–12.) FCI Fort Dix logs show no outgoing mail from Petitioner on or about June 29, 2015. (*Id.* at 1.) Thus, determining whether Petitioner placed his motion to vacate in outgoing mail on June 29, 2015 requires the Court to weigh Petitioner's credibility against the credibility of FCI Fort Dix's mail logs.

The Court finds that Petitioner's assertion that he mailed his motion to vacate on June 29, 2016 to be less credible than FCI Fort Dix mail logs showing no such mailing for two reasons. First, as described above, Petitioner misrepresented the transmission of the January 31, 2016 copy of the motion to vacate. Petitioner did not write a note to the Clerk, attach a copy of the motion, and mail the documents to the Clerk. Instead, an undisclosed person sent the motion from a Yahoo email account to an internet fax service, which then sent a facsimile of the motion to the Clerk's office.

Second, Petitioner ignored the Court's order of April 1, 2016. The Court directed Petitioner to explain the facsimile transmission of the motion and to identify the owner of legaldocs65@yahoo.com. (Dkt. No. 204 at 3.) Petitioner has not attempted to respond to that order. Instead, Petitioner refiled his response to the motion to dismiss with an accompanying cover letter that states, "Enclose is a copy of a response letter filed on March 17, 2016. I'm re-filing it again because a friend of mine call the clerk's office and she was informed that the letter was not in the docket sheet as filed." (It appears likely that the "friend of mine" is the owner of legaldocs65@yahoo.com.) Although the Court finds the motion to vacate to be untimely, and dismisses it on that basis, Petitioner's noncompliance would justify *sua sponte* dismissal of the motion to vacate for failure to prosecute. When a filing is received seven months after the deadline, the filing party cannot stand mute when the Court enquires into the delay. Moreover, the Court

cannot credit Petitioner's uncorroborated claim that he timely mailed the motion when he willfully refuses to disclose who sent the copy that was actually received by the Court or how it was sent.

Because of Petitioner's misrepresentation to the Court and because of his refusal to comply with an order of the Court, the Court cannot credit his assertion that he mailed the motion to vacate on June 29, 2015 when official prison mail logs show no such mailing. The Court therefore finds that Petitioner's first and only attempt to file his motion to vacate occurred on January 31, 2016, and that the motion is backdated to June 29, 2015 as an attempt to appear timely. Because the motion to vacate is untimely by over seven months, the Court dismisses the motion without reaching the issue of the propriety of the manner in which it was filed.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss (Dkt. No. 199) and **DISMISSES** the motion to vacate (Dkt. No. 197).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 3 1, 2016
Charleston, South Carolina